1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDER N. JONES, KEN JONES, AND JO ANNE JONES, | **No.  CV-12-188-EFS** |
| Plaintiffs, | |
| vs. | |
| | **PROTECTIVE ORDER** |
| THE STATE OF WASHINGTON; CHRISTINE O. GREGOIRE, IN HER OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF WASHINGTON; GRANT COUNTY, WASHINGTON; LEROY C. ALLISON, AND "JANE DOE" ALLISON, HIS WIFE; TIM SNEAD, AND "JANE DOE" SNEAD, HIS WIFE; DEBORAH KAY MOORE, AND "JOHN DOE" MOORE, HER HUSBAND; DOUGLAS G. ANDERSON, AND KIRSTEN H. ANDERSON, HIS WIFE, | |
| Defendants. | |

Based on the parties' stipulation, ECF No. 11-1, **IT IS**

**HEREBY ORDERED**:

1.   Scope: This protective order applies to (a) juvenile

court records, (b) educational records, (c) medical and

psychological records, (d) financial records of any person, and

(e) personnel records of Grant County and State of Washington

employees.

PROTECTIVE ORDER - 1

2.   Nonexclusive basis: Juvenile court records are generally privileged and confidential under Wash. Rev. Code ch. 13.50, as amended, *see* 2012 Wash. Legis. Serv. Ch. 717. Educational records are generally privileged and confidential under the The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Pt. 99. Medical and psychological records are generally privileged and confidential under Wash. Rev. Code §§ 5.60.060(4), 18.83.110, and the Uniform Health Care Information Act, Wash. Rev. Code ch. 70.02. Persons have a recognized privacy interest in their financial records and personnel files.

3.   Designation as "confidential": Any party producing or receiving any records (including deposition transcripts) that it believes to be within the scope of this protective order may designate the records or part thereof as "confidential" by labeling them as such within a reasonable time.

4.   Challenging designations: Any party may challenge the designation of confidentiality within a reasonable time. Until such time as the challenge may be heard by the court, the confidentiality of the designated records shall be maintained. The parties shall meet and confer before bringing a challenge before the court. The party designating the records as confidential shall have the burden of proving that they should remain confidential. This protective order shall not enlarge or

PROTECTIVE ORDER - 2

1   decrease the scope of any privilege or confidentiality

2   protection provided by law.

3       5.   Effect of designation: The parties shall use their

4   best efforts to preserve the confidentiality of records

5   designated as such. They shall not disclose them or their

6   contents except among counsel and their staff, the parties

7   themselves, and expert witnesses. Counsel, their staff, the

8   parties, and experts shall be given a copy of this protective

9   order and agree to be bound by its provisions before disclosure

10  may occur. Records designated as confidential shall not be

11  filed with the Court except under seal. Records designated as

12  confidential shall be destroyed or returned to the producing

13  party at the conclusion of this lawsuit.

14      **IT IS SO ORDERED.**   The District Court Executive is

15  directed to enter this Order and to furnish copies to counsel.

16      **DATED** this 25th  day of June 2012.

17

18

19

20

21              __s/ Edward F. Shea_____
                        EDWARD F. SHEA
22          Senior United States District Judge

23

24

25

26

27

28  Q:\Civil\2012\188.stip.prot.ord.lc2.docx

PROTECTIVE ORDER - 3