UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDER N. JONES; KEN JONES; and JO ANNE JONES,<br><br>Plaintiffs,<br><br>v.<br><br>GRANT COUNTY, WASHINGTON; LEROY C. ALLISON, and BENAYA ALLISON, his wife; TIM SNEAD, and "JANE DOE" SNEAD, his wife; DEBORAH KAY MOORE, and DOUG MOORE, her husband; and DOUGLAS G. ANDERSON, and KIRSTEN H. ANDERSON, his wife,<br><br>Defendants. | No. CV-12-0188-EFS<br><br>**ORDER ADDRESSING PLAINTIFFS' PENDING MOTIONS** |

On March 29, 2013, the Court stayed all discovery in this matter and directed the parties to schedule mediation before Magistrate Judge James Hutton. ECF No. 83. Currently pending before the Court are several motions filed prior to the Court-ordered stay: 1) Plaintiffs Alexander Jones, Ken Jones, and Jo Anne Jones's (collectively, "Plaintiffs") Motion for a Protective Order, ECF No. 59; 2) Plaintiffs' Motion for Leave to Amend Complaint, ECF No. 72; and 3) Plaintiffs' Motion to Compel Discovery, ECF No. 74. Having reviewed the pleadings and the record in this matter, the Court is fully informed and now enters the following Order.

//

**A.    Plaintiffs' Motion for a Protective Order, ECF No. 59**

ORDER ADDRESSING PLAINTIFFS' PENDING MOTIONS - 1

1    Pursuant to Federal Rule of Civil Procedure 26(c)(1)(A), Plaintiffs move for a protective order forbidding Defendants Grant County, Leroy and Benaya Allison, Tim and Jane Doe Snead, Deborah and Douglas Moore (collectively, the "Grant County Defendants"), and Douglas and Kirsten Anderson (collectively with the Grant County Defendants, "Defendants") from conducting discovery into whether Plaintiff Alexander Jones was innocent or guilty of the crimes originally charged in the underlying state-court criminal proceeding. Plaintiffs contend that the issue of "actual innocence" is irrelevant to any of the claims alleged in the Complaint, and that discovery into this matter would result in embarrassment and undue burden or expense.

Although Plaintiffs originally set the motion for hearing without oral argument, Defendants requested oral argument in their opposition to the motion. The Court reset the motion for telephonic argument on March 21, 2013. ECF No. 76. Garth L. Dano and George M. Ahrend appeared on behalf of Plaintiffs, and Jerry J. Moberg and Patrick Moberg appeared on behalf of the Grant County Defendants; Douglas G. Anderson appeared *pro se*. ECF No. 78.

For the reasons stated on the record at the hearing, Plaintiffs' motion for a protective order is granted. The issue of actual innocence is not legally relevant to any of the claims at issue in this action. To prevail on a 42 U.S.C. § 1983 claim for the type of Sixth Amendment violation alleged here, Plaintiffs need only show that Plaintiff Alexander Jones received ineffective assistance, which caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

ORDER ADDRESSING PLAINTIFFS' PENDING MOTIONS ~ 2

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Here, Plaintiff Alexander Jones was presumed innocent and had the right to remain silent. But for the ineffective assistance of counsel he received, he would have retained both. The question of actual innocence has no bearing on the nature of the representation provided and whether, absent ineffective assistance of counsel, the result of the original proceedings would have been different.

Given this, proposed discovery on the question of actual innocence will cause undue burden and expense for all Plaintiffs. The Court therefore finds that discovery into the question of actual innocence is inappropriate and unnecessary. Defendants are precluded from conducting discovery on that issue.

**B.    Plaintiffs' Motion for Leave to Amend Complaint, ECF No. 72**

Plaintiffs seek leave to file an amended complaint, to reflect both claims dismissed by the Court, *see* ECF Nos. 41 & 45, and to withdraw other claims. Defendants do not object in light of Plaintiffs' counsel's representations about the nature of the proposed amendments. "The Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiffs' motion is granted. Plaintiffs may file an amended complaint, consistent with their proposed amended complaint, ECF No. 72-1, **within fourteen (14) days** of the date of this Order.

//

**C.    Plaintiffs' Motion to Compel Discovery, ECF No. 74**

Plaintiffs seek an order compelling answers to deposition questions propounded to Stephen J. Hallstrom, the Chief Civil Deputy

ORDER ADDRESSING PLAINTIFFS' PENDING MOTIONS - 3

Prosecuting Attorney for Grant County.  Plaintiffs ask the Court to find that Mr. Hallstrom's role in supervising public defense does not accord him the ability to assert a claim of attorney-client privilege. Defendants oppose Plaintiffs' motion.  ECF No. 79.

In light of the Court's prior order staying further discovery until the conclusion of Court-ordered mediation, Plaintiffs' motion to compel discovery is denied as moot.  Plaintiffs may renew their motion if necessary after the Court-ordered mediation has concluded.

**D. Conclusion**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for a Protective Order, **ECF No. 59**, is **GRANTED.**

2. Plaintiffs' Motion for Leave to Amend Complaint, **ECF No. 72**, is **GRANTED**. Plaintiffs shall file the amended complaint **within fourteen (14) days** of the date of this Order.

3. Plaintiffs' Motion to Compel Discovery, **ECF No. 74**, is **DENIED AS MOOT,** with leave to renew if necessary at the conclusion of the Court-ordered mediation in this matter.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   3rd   day of April 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2012\188.pending.motions.lc2.docx

ORDER ADDRESSING PLAINTIFFS' PENDING MOTIONS - 4